PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES D. COPELAND, | ) | CASE NO. 5:12CV00352 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| CITY OF AKRON, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

*Pro se* Plaintiff Charles D. Copeland filed this action under 42 U.S.C. §§ 1983 and 1985 against the City of Akron and Summit County Common Pleas Court Judge Paul J. Gallagher. ECF No. 1.  In the Complaint, Plaintiff alleges that Judge Gallagher unfairly found him to be a vexatious litigant.  ECF No. 1.  He seeks relief from a state court judgment under Federal Rule of Civil Procedure 60(b) and requests monetary as well as injunctive relief.  ECF No. 1.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*.  ECF No. 2.  That Application is granted.

## I.  Background

Plaintiff's complaint is not well organized and, at times, does not lend itself to being easily understood, something that is not atypical of *pro se* filings.  Plaintiff  indicates that he is would like to be considered the proposed administrators of the Estate of Barbara Smith, the Estate of Glenn Smith, and the Estate of Sylvia Copeland.  ECF No. 1 at 1.  He claims that an unspecified probate case is a criminal case and alleges that assets were stolen or hidden from Barbara Smith while she was alive.  ECF No. 1 at 5.  He states that Judge Gallagher is not a probate judge.  ECF No. 1 at 1.  He contends there were no depositions, answers to

(5:12CV00352)

interrogatories, or written admissions.  ECF No. 1 at 1.  He states there were affidavits from

Attorney Stein and Simone Smith "if SHE was the administrator of the estate which was a lie by

her and [A]ttorney [S]tein to hind [sic] the truth about the case and cases involving them . . . that

STEWARD SMITH THEIR FATHER was not the son of Glenn Smith . . . . "  ECF No 1 at 1.

He indicates that  "transcripts of the evidence in the pending case (none that would relate to the

plaintiffs [sic] and justify the fraudulent filings and decission [sic] of this person . . . ."  ECF No.

1 at 1.  He states that the attorney should have been sanctioned under Ohio Civil Rule 7.  ECF

No. 1 at 1.

In addition, Plaintiff alleges that Judge Gallagher and the attorney demonstrate a pattern

of discrimination  "in not only Summit County but also the State which lead [sic] to the death of

Barbara J. Smith who too was named litigious and denied her day in court, in which she had no

power or rights to stop the stealing of her property to fight this guardianship case witch [sic] lead

[sic] to her death."  ECF No. 1 at 2.  He claims that Judge Gallagher should go to prison.  ECF

No. 1 at 2.

Finally, he states "290 discreet and insular minorities class based discrimination class of

individuals protected by equal protection of the laws # language of this section are those so-

called disgreet [sic] and insular minorities that receive special treatment protection under equal

protection clause of U.S.C.A. constitutional amendment 14 because of inherent personal

characteristics . . . ."  ECF No. 1 at 2.  He claims conspiracy to interfere with civil rights "may

reach private alienage discrimination.  INSULAR DETACHED OF LIKE OR

CHARACTERISTIC OF AN ISLAND NARROW MINDED NOT LIBERAL PREJUDICED,

(5:12CV00352)

NON CONFORMANT [sic] INDEPENDENT PERSON, A PERSON WHO WOULD STAND
FOR JUSTICE A LEADER, A PRO_SE_LITIGANT."  ECF No. 1 at 3.

As exhibits to the Complaint, Plaintiff attaches a pleading and judgment entry from the
vexatious litigant action.  ECF. Nos. 1-4; 1-2.  Judge Gallagher presided over the case, in which
Naomi Smith, the Administrator of the Estate of Barbara Smith, requested that Mr. Copeland be
declared a vexatious litigant pursuant to Ohio Revised Code §2323.52.  ECF No. 1-4 at 1.  The
Court granted Ms. Smith's Motion for Summary Judgment on June 4, 2010.  ECF No. 1-2 at 3.
Plaintiff also attached page two of a three page form entitled "Mental and Physical Condition of
Prospective Ward," ECF No. 1-7 at 1, a copy of the an Account approval of the Guardianship of
Barbara J. Smith, ECF No. 1-7 at 2, a copy of an unidentified attorney's bill, ECF No. 1-7 at 3, a
letter from Medicare address to Plaintiff, ECF No 1-7 at 4, and copies of provisions of the Ohio
Revised Code concerning interfering with civil rights, impersonating a police officer, criminal
rules jury instructions in a criminal case, and the Ohio Rules of Evidence.  ECF No. 1-7 at 5-13.
He seeks to clear his name and restore his constitutional rights.  ECF No. 1 at 3.  In addition, he
requests restoration of all he "was to receive that was stolen by these people in the probate case
in which it was estimated with pain and suffering 10 million dollars" and that "proper steps be
taken concerning Naomi Smith, Steven Smith, Attorney Stein, Simmone Smith, and Chiccolini . .
. ."  ECF No. 1 at 3.

**II.  Standard for Dismissal**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,
365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

3

(5:12CV00352)

required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) (formerly 28 U.S.C. § 1915(d)) and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

4

(5:12CV00352)

### III.  Law and Analysis

As an initial matter, it is very difficult to determine the factual or legal basis for Plaintiff's claims.  Based on the attachments to the Complaint and the limited facts Plaintiff included in his pleading, it is possible Plaintiff is contesting the Summit County Court of Common Pleas determination that he is a vexatious litigant.  He requests Relief from Judgment under Federal Rule of Civil Procedure 60(b).  This Court cannot entertain Plaintiff's challenge to the State court's decision.

### A.  *Rooker-Feldman* Doctrine

Procedurally, a Rule 60(b) motion does not permit the Court to overturn a State court judgment. *See* Fed. Civ. P. R. 60(b).

Further, the Court cannot grant the relief Plaintiff requests, even if he challenges the state court judgment through a civil rights action.  United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by *writ of certiorari*.  *Id.*  Under this principle, generally referred to as the *Rooker-Feldman* doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights.  *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).  Federal jurisdiction cannot be invoked merely by

(5:12CV00352)

couching the claims in terms of a civil rights action.  *Lavrack v. City of Oak Park*, No. 98-1142,
1999 WL 801562, *2 (6th Cir. Sept. 28, 1999); *see also Valenti v. Mitchell*, 962 F.2d 288, 296
(3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a *Rooker-Feldman* analysis.  First, in order for the *Rooker-Feldman* doctrine to apply to a claim presented
in federal district court, the issue before the court must be inextricably intertwined with the claim
asserted in the state court proceeding.  *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 937
(6th Cir. 2002).  The *Rooker-Feldman* doctrine applies when the party losing his case in state
court files suit in federal district court seeking redress for an injury allegedly caused by the state
court's decision itself.  *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006).  Second, the
*Rooker-Feldman* doctrine precludes a district court's jurisdiction where the claim is a specific
grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case as
opposed to a general constitutional challenge to the state law applied  in the state action.  *Id.*

In the instant matter, Plaintiff brings an action against Judge Gallagher challenging his
judgment against Plaintiff in the vexatious litigant action.  All of the allegations in the Complaint
concern specific grievances that the facts were misinterpreted or the law was incorrectly applied
by Judge Gallagher.  ECF No. 1.  He clearly predicates his Complaint on his belief that the state
court was mistaken in rendering its decision against him.  ECF No. 1.  As relief, Plaintiff
requests that the state judgments be vacated and their execution enjoined.  ECF No. 1 at 3.  Any
review of the constitutional claims asserted in this context would require the Court to review the
specific issues addressed in the state court proceedings against him.  This Court lacks subject

6

(5:12CV00352)

matter jurisdiction to conduct such a review or grant the relief as requested.  *Feldman*, 460 U.S. at 483-84 n.16.

**B. Judicial Immunity**

Even if Plaintiff could bring this civil rights action against Judge Gallagher, the judge would be absolutely immune from damages.  *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997).  Judges are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.  *Barnes*, 105 F.3d at 1115.  For this reason, absolute judicial immunity is overcome only in two situations:  (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  A judge will be not deprived of immunity even if the action that he or she took was performed in error, done maliciously, or was  in excess of his or her authority.

The determination of whether an action is performed in the defendant's judicial capacity, depends on the "nature" and "function" of the act, not on the act itself.  *Mireles*, 502 U.S. at  13; *Stump*, 435 U.S. at 362.  Looking first to the "nature" of the act, the Court must determine whether it is a function generally performed by a judge.  *Id*.  This inquiry does not involve a rigid scrutiny of the particular act in question, but rather requires only an overall examination of the judge's alleged conduct in relation to general functions normally performed by judges.  *Mireles*,

7

(5:12CV00352)

502 U.S. at 13.  Second, an examination of the "function" of the act alleged requires the Court to assess whether the parties dealt with the judge in his or her judicial capacity.

While it is not absolutely clear that Plaintiff's  claim against Judge Gallagher is based upon actions committed while he presided over the vexatious litigant action.  It does appears that Plaintiff objects to Judge Gallagher's granting of the request of Naomi Smith to find Plaintiff to be a vexatious litigant.  Plaintiff's objection does not defeat judicial immunity.

Judicial immunity can, however, be defeated when the conduct alleged, although judicial in nature, is taken in complete absence of *all* jurisdiction.  *Mireles*, 502 U.S. at 11-12; *Barnes,* 105 F.3d at 1116 (emphasis added).  When the immunity of the judge is at issue, the scope of the judge's jurisdiction is to be broadly construed.  *Stump*, 435 U.S. at 356-57.  As earlier stated, a judge will be not deprived of immunity because the action he took was performed in error, done maliciously, or was in excess of his authority.  *Id*.  Actions taken in complete absence of all jurisdiction are those  acts which are clearly outside of the subject matter jurisdiction of the court over which the judge presides.  *King v. Love, 766 F.2d 962, 965 (6th Cir. 1985)*; *see Barnes*, 105 F.3d at 1122.  Conversely, merely acting in excess of authority does not preclude immunity.  *See Sevier v. Turner, 742 F.2d 262, 271 (6th Cir. 1984)*.

Although Plaintiff claims Judge Gallagher is not a probate judge, he was acting in his capacity as a Common Pleas Court judge when he issued the Order.[2]  The Administrator of the Estate of Barbara Smith filed the action in the Court of Common Pleas asking Judge Gallagher to

---

[2] Judge Gallagher, at all times pertinent, was assigned to the General Division of the Common Pleas Court, not the Probate Division.

8

(5:12CV00352)

declare Plaintiff to be a vexatious litigant due to his excessive filings in the Probate matter.

While the Probate Division action may have been the motivation for the vexatious litigant action,

Ohio Revised Code § 2323.52 permits the vexatious litigant action to be filed in the Court of

Common Pleas.  Because Judge Gallagher is a Common Pleas Court judge, the vexatious litigant

action was not outside of the subject matter jurisdiction of the court over which he presides.

Immunity cannot be abrogated under this theory either.

      Neither of the exceptions to judicial immunity apply.  Judge Gallagher is, therefore,

absolutely immune from damages, assuming without deciding liability, resulting from this civil

suit.

### C.  City of Akron

      Finally, Plaintiff fails to state any cause of action against the City of Akron.  There are no

allegations and no legal claims against the City in the Complaint.  Principles requiring generous

construction of *pro se* pleadings are not without limits.  *See Wells v. Brown*, 891 F.2d 591, 594

(6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A complaint

must contain either direct or inferential allegations respecting all the material elements of some

viable legal theory to satisfy federal notice pleading requirements.  *See Schied v. Fanny Farmer

Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure

up questions never squarely presented to them or to construct full blown claims from sentence

fragments.  *Beaudett*, 775 F.2d at 1278.  Moreover, Plaintiff's failure to identify a particular

legal theory in his Complaint places an unfair burden on the defendants to speculate about the

potential claims that Plaintiff may be raising against them and the defenses they might assert in

9

(5:12CV00352)

response to each of these possible causes of action.  *See Wells v. Brown*, 891 F.2d at 594.  Even

liberally construed, the Complaint does not sufficiently state the federal constitutional claim or

claims which Plaintiff seeks to assert against this Defendant.

### D.  42 U.S.C. § 1985

Plaintiff also includes conspiracy claims under 42 U.S.C. § 1985.  To state a claim for

conspiracy to deprive a person of equal protection under the law pursuant to 42 U.S.C. § 1985,

Plaintiff must allege facts to demonstrate a conspiracy of two or more persons; with the purpose

to deprive, directly or indirectly, a person or class of persons of equal protection of the laws; an

act in furtherance of the conspiracy; which causes injury to the person or property of Plaintiff or

deprivation of any right or privilege of a citizen of the United States.  *Vakilian v. Shaw,* 335 F.3d

509, 518 (6th Cir. 2003) (citing *United Bhd. of Carpenters & Joiners of Am. v. Scott,* 463 U.S.

825, 828-29 (1983)).  The acts that allegedly "deprived the plaintiff of equal protection must be

the result of class-based discrimination." *Id.* (citing *Newell v. Brown,* 981 F.2d 880, 886 (6th

Cir.1992)).

Plaintiff fails to state an adequate claim if his allegations are premised upon mere

conclusions and opinions.  *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).

He must make sufficient factual allegations to link two alleged conspirators in the conspiracy and

to establish the requisite "meeting of the minds" essential to the existence of the conspiracy.

*McDowell v. Jones,* 990 F.2d 433, 434 (8th Cir.1993) (holding that plaintiff failed to state a

claim for conspiracy pursuant to § 1985 for failure to allege a meeting of the minds).

In this case, Plaintiff does not allege facts sufficient to reasonably establish the existence

10

(5:12CV00352)

of a conspiracy.  He merely states that there are insular minorities that receive special treatment, but he does not indicate how Judge Gallagher and the City of Akron allegedly conspired together to deprive him of equal protection of the law.  There are no allegations suggesting that a "meeting of the minds" or an action in furtherance of the conspiracy.  He therefore fails to state a claim under 42 U.S.C. § 1985.

   **E. Vexatious Litigation**

   Finally, the Court notes that Plaintiff has not restricted his litigious activities to state court.  Plaintiff filed at least ten previous actions in this Court which were dismissed under 28 U.S.C. § 1915(e).[3]  Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions, and may enjoin vexatious and harassing litigants to prevent them from unnecessarily encroaching on judicial machinery needed by others.  *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987); *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986).  Plaintiff already attempted to challenge the administration of the probate Estate of Barbara Smith.  *Copeland v. Stein*, No. 5:10 CV 2704 (N.D. Ohio Jan. 28, 2011) (Adams, J.)  In that action, which was dismissed in 2011, Plaintiff was told that the Court had no jurisdiction over the state court probate matter.  Plaintiff

-------

   [3]  *See Copeland v. Stein*, No. 5:10 CV 2704 (N.D. Ohio Jan. 28, 2011); *Copeland v. Potter*, No. 5:09 CV 1730 (N.D. Ohio Dec. 31, 2009); *Copeland v. I.R.S.*, No. 5:08 CV2768 (N.D. Ohio Apr. 30, 2009); *Copeland v. City of Akron*, No. 5:07 CV 594 (N.D. Ohio Apr. 10, 2007); *Copeland v. Dep't of Motor Vehicles*, No. 5:07 CV 67 (N.D. Ohio Apr. 10, 2007); *Copeland v. Dep't of Motor Vehicles*, No. 5:06 CV 1438 (N.D. Ohio Aug. 16, 2006); *Copeland v. Akron Bd. of Educ.*, No. 5:04 CV 2206 (N.D. Ohio Nov. 19, 2004); *Copeland v. Dep't of Motor Vehicles*, No. 5:03 CV 827 (N.D. Ohio June 10, 2003); *City of Akron v. Copeland*, No. 5:03 CV 599 (N.D. Ohio Apr. 14, 2003)(removal); *Copeland v. Office of Worker's Comp.*, No. 98 CV 447 (N.D. Ohio Feb. 23, 1998).

11

(5:12CV00352)

is cautioned that if he continues to file patently frivolous actions to challenge state court decisions, he may be declared to be a vexatious litigant, and may be required to obtain leave of Court before submitting additional filings in federal court.

### IV. Conclusion

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

April 19, 2012                                          /s/ Benita Y. Pearson
Date                                                    Benita Y. Pearson
                                                        United States District Judge

---

[4] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."